IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60845
Summary Calendar

_____

TERRY HANSON,

                                        Plaintiff-Appellant,

versus

MISSISSIPPI BOARD OF NURSING; MARSHA RACHEL, DR.,
Individually and in her official capacity as
Executive Director of the Mississippi Board of
Nursing; LAURA KELLY, RN, individually and in her
official capacity as member of the Mississippi
Board of Nursing; THELMA LATHAM, RN, Individually and
in her official capacity as member of the Mississippi
Board of Nursing; BARBARA HAYMAN, RN, Individually
and in her official capacity as member of the
Mississippi Board of Nursing; BARBARA HAYMAN, RN,
Individually and in her official capacity as member
of the Mississippi Board of Nursing; KAREN SAUCIER
LUNDY, DR., RN, Individually and in her official
capacity as member of the Mississippi Board of
Nursing; GLADYS HUGHES, LPN, Individually and in her
official capacity as member of the Mississippi Board
of Nursing; LADONNA KAY NORTHINGTON, RN, Individually
and in her official capacity as member of the
Mississippi Board of Nursing; IVA MAE BLACKLEDGE, LPN,
Individually and in her official capacity as member of
the Mississippi Board of Nursing ; J. PURVES MCLAURIN,
JR., DR., Individually and in his official capacity as
member of the Mississippi Board of Nursing; PEGGY
BRANDY, LPN, Individually and in her official capacity
as member of the Mississippi Board of Nursing; RENEE
WILLIAMS, RN, Individually and in her official
capacity as member of the Mississippi Board of Nursing;
MARY PATRICIA CURTIS, DR., RN, FNP, Individually and in
her official capacity as member of the Mississippi
Board of Nursing; CHARLOTTE WOOD, DR., RN, FNP,
Individually and in her official capacity as member of
the Mississippi Board of Nursing; CLEOPATRA HUDSON, LPN,
Individually and in her official capacity as member
of the Mississippi Board of Nursing; PATRICIA D. WISE,
In her official capacity as Chancellor of Hinds
County, Mississippi; and J.B. TORRENCE, In his official
capacity as Sheriff of Rankin County, Mississippi,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:94-CV-9-LN
--------------------
June 21, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:*

Terry Hanson ("Hanson") appeals the district court's judgment dismissing her 42 U.S.C. § 1983 civil rights action and denying her motion for an award of attorney's fees and expenses pursuant to 42 U.S.C. § 1988. Hanson contends that she was entitled to attorney's fees and expenses because she was a prevailing party in the civil rights action by virtue of the agreed order on her motion for a temporary restraining order ("TRO").

The district court did not clearly err in determining that Hanson was not a prevailing party. See Scham v. District Courts Trying Criminal Cases, 148 F.3d 554, 557 (5th Cir. 1998). A TRO "cannot constitute the type [of] merit-based relief that affords a plaintiff prevailing party status." Foreman v. City of Dallas, Tex., 193 F.3d 314, 323 (5th Cir. 1999). The parties' agreed order on Hanson's motion for a TRO is, if not itself a TRO, at least analogous to one. The agreed order was not a final remedy, since by its own terms it expired within six weeks of its issuance; nor did the agreed order provide merits-based relief on Hanson's constitutional claims, which were expressly reserved.

--------------------

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>See</u> <u>id.</u>  The essential purpose of the agreed order was apparently to allow Hanson to maintain her nursing license.  As the agreed order was filed on the same day that the TRO suspending Hanson's nursing license expired, the agreed order effectively preserved the status quo.  <u>See</u> <u>id.</u>

In light of the foregoing, the district court's judgment is AFFIRMED.